IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELISSA W.,
*individually and as parent*
*of her minor child, S.W.,*

    Plaintiff,

  v.

ELKHORN AREA SCHOOL DISTRICT,

    Defendant.

OPINION and ORDER

25-cv-1040-amb

---

Plaintiff Melissa W. has filed a lawsuit alleging that defendant Elkhorn Area School District failed to timely evaluate her minor child for a disability resulting in a delay of services and her child's expulsion from the district.  Dkt. 1.  In its answer, defendant asserted that the appropriate venue for this lawsuit is in the United States District Court for the Eastern District of Wisconsin, where the Elkhorn Area School District is located.  Dkt. 7.  Plaintiff, in agreement, has filed a motion to transfer venue to the Eastern District under 28 U.S.C. § 1404(a).  The court will GRANT the motion.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  A district court considering whether to grant a § 1404(a) motion to transfer must weigh both the convenience to the parties and various public interest factors, including the relative congestion of the court calendar for the proposed transferee court and the local interest in deciding local controversies at home.  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013).

These considerations weigh in favor of a transfer.  The parties agree that this case could have been brought in the Eastern District in the first instance.  *See* 28 U.S.C. § 1391(b) (stating where a civil action may be brought).  Indeed, plaintiff states that filing in this district "was a clerical error."  Dkt. 10, ¶ 4.  Moreover, this controversy is local to the Eastern District, and that district thus has the greater interest in adjudicating this dispute.  Likewise, while this case is unlikely to require discovery as a review of an administrative record, any witnesses and evidence yet to be obtained are likely to be in the Eastern District as well.  Finally, although this district had a faster time to trial in 2023–2024 than the Eastern District,[1] the parties report this case is unlikely to go to trial, again, by virtue of the administrative review, making this factor less important in the overall analysis.  *See In re Ryze Claims Sols., LLC*, 968 F.3d 701, 710 (7th Cir. 2020) (congestion factor concerned with time to trial).

The court addressed plaintiff's motion with the parties at the March 20, 2026 preliminary pretrial conference.  Defendant indicated that it did not need or want to file a written response to plaintiff's motion and consented to the transfer.

---

[1] *See* Table T-3, U.S. District Courts, Time Intervals from Filing Date to Beginning Date for Completed Civil Trials, by District, During the 12-Month Period Ending September 30, 2024. *Available at:* https://www.uscourts.gov/sites/default/files/2025-01/jb_t3_0930.2024.pdf

ORDER

IT IS ORDERED that:

1. Plaintiff Melissa W.'s motion to transfer venue under 28 U.S. Code § 1404(a) to the United States District Court for the Eastern District of Wisconsin, Dkt. 10, is GRANTED and this case is TRANSFERRED to that district.

2. The clerk's office is directed to take all steps necessary to transfer this case to the Eastern District of Wisconsin.

Entered March 23, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge